UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DESEAN HILL,

         Plaintiff,

 v.                   9:17-CV-0031
                          (BKS/TWD)

NURSE KHODENKO, et. al.,

         Defendants.

---

APPEARANCES:

DESEAN HILL
14-A-0857
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION AND ORDER

Plaintiff Desean Hill commenced this pro se action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with a motion for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). The complaint asserted claims arising, if at all, while plaintiff was confined in Shawangunk Correctional Facility ("Shawangunk C.F."). *See generally* Compl. By Decision and Order of United States District Judge Brenda K. Sannes filed March 23, 2017, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), several claims and defendants were dismissed and defendant Nurse

1

Khodenko ("Khodenko") was directed to respond to the Fourteenth Amendment claim that survived sua sponte review. Dkt. No. 8 (the "March Order").

On March 23, 2017, the Clerk of the Court issued a summons to Nurse Khodenko. Dkt. No. 9. On March 29, 2017, the summons was returned with a letter from the New York State Department of Corrections and Community Supervision ("DOCCS") indicating that Khodenko was not an employee at Shawangunk C.F. Dkt. No. 10. On May 3, 2017, the Clerk of the Court forwarded a letter to Deputy Counsel for DOCCS requesting assistance with service of process. Dkt. No. 11. Counsel did not respond to the Clerk's correspondence.

Although plaintiff's Fourteenth Amendment claim against Khodenko survived sua sponte review, plaintiff was not able to provide the defendant's first name. To complicate matters, plaintiff is no longer incarcerated at Shawangunk C.F. In light of the foregoing, the Clerk of Court shall send a copy of the complaint, the March Order, and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office attempt to ascertain the full name of the defendant.[1] The Attorney General's Office is also requested, to the extent that it is able to identify the defendant, to provide the address where the defendant can currently be served. The Attorney General's Office need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendant as instructed by the Second Circuit in *Valentin*.

---

[1] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

**WHEREFORE**, it is hereby

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendant within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review.[2]

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:     June 16, 2017
           Syracuse, NY

_____
Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] At least three other District Courts in the Second Circuit request the assistance of the New York State Attorney General in ascertaining the identity of defendants employed by the New York State Department of Corrections and Community Supervision. *See, e.g., Garraway v. Griffin*, No. 12-CV-0924, 2013 WL 2105903, at *4-5 (W.D.N.Y. May 8, 2013); *Rushion v. Fuller*, No. 13-CV-4277, 2013 WL 5406602, at *5 (E.D.N.Y. Sept. 25, 2013); and *Woodward v. Perez*, No. 12-CV-8671, 2014 WL 4276416, at *1 n.1 (S.D.N.Y. Aug. 29, 2014).